[Civ. No. 2915.  Second Appellate District, Division Two.—June 7, 1919.]

SARAH A. ROBERTS, Appellant, v. A. G. ALLEN, as Administrator, etc., Respondent.

[1] TRUSTS — QUIETING TITLE — BURDEN OF PROOF. — In an action against the administrator of the estate of the husband of the plaintiff to declare a trust in certain real property claimed to have been purchased by the husband with plaintiff's separate moneys and the title taken in the husband's own name, and to quiet title to the property, the plaintiff must establish her position, if at all, upon the strength of her own case rather than the weakness of the defense.

[2] ID.—INSUFFICIENCY OF EVIDENCE.—In this action to declare a trust in certain real property claimed to have been purchased with the separate moneys of the plaintiff, and to quiet her title to the property, the plaintiff failed to trace any specific sum of money from her separate estate into the property in question.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

William A. Spill for Appellant.

Hugh E. Macbeth for Respondent.

THOMAS, J.—This is an action to declare a trust and quiet title. Plaintiff claims that by her own labors, before she married defendant's intestate, she had saved and accumulated money which she invested in Arkansas real estate, all of which, under the laws of that state, was her sole and separate property; that after her marriage, and both before and after her coming to this state, she had rented said property, the rentals, after coming to this state, being sent to her husband, defendant's intestate, who, because of the illiteracy of plaintiff—she being unable to read or write—conducted all of her business; and that these rents were accordingly collected, "cashed and banked" by him. Ac-

1. Resulting trust as arising from purchase by husband in his own name with wife's money, note, Ann. Cas. 1915D, 625.

cording to the allegations of the complaint, these moneys were "banked in his own name, but all for the use and benefit of the plaintiff, who at all times was the real and true owner of said rentals." It is then alleged "that about two years after plaintiff and defendant's intestate came to California to live, as aforesaid, to wit, in the year 1903, defendant's intestate used part of the money accumulated from the rentals received from plaintiff's property in Arkansas for purchasing "property described in the city of Pasadena," and "unbeknown to the plaintiff, and contrary to the belief and desires of plaintiff, caused the title to said property to be issued in his own name, and that he, the said James A. Roberts, continued to hold said property as aforesaid up to the time of his decease"; and that the defendant administrator claims said property on behalf of the estate of said deceased. Plaintiff further alleges that because of her illiteracy she knew nothing of the fact that her husband had taken title "to the aforesaid real property in Pasadena, purchased as aforesaid, in his own name, but verily believed that the said title had been made in her name."

In view of these facts, and the condition of the record here, we think it unnecessary to refer to the answer of defendant or to the findings of the court. So far as the evidence on behalf of defendant is concerned, almost, if not quite all, was in an attempt to establish the heirship of W. H. Roberts—an intervener herein—a matter not in issue here, hence immaterial. [1] The plaintiff, however, must establish her position, if at all, upon the strength of her own case rather than the weakness of the defense.

[2] Plaintiff has not traced any specific sum of money from her separate estate into the property in question. She has not pointed out to us any testimony which shows that she is entitled to have title quieted in her or a trust declared in her favor. Lest, however, this possible oversight on the part of plaintiff's counsel might cause an injustice to be done to plaintiff, we have, notwithstanding the rule which renders such labor on our part unnecessary, read the entire record, with the result stated.

From the record it appears that four exhibits were introduced on behalf of plaintiff. The evidence of this fact appears as follows: Plaintiff's Exhibit No. 1: Blank sheet,

showing bank account of deceased; No. 2: Three documents attached—a deed, a contract, and a check; No. 3: A bunch of letters; and No. 4: A deed. We assume from the record before us that these, whatever they were, were actually before the trial court; but we are not given the opportunity of considering them at all. They were not read into the record. The record is silent, even as to whether they were considered read. They have not been copied into the record in any way. They, or copies thereof, are not attached to the pleadings or to the transcript. Because of these facts, we might have invoked the rule enunciated in *Welk v. Sorenson*, 179 Cal. 604, [178 Pac. 498], and refuse to consider the briefs; but, as already stated, we have not done so.

We are, however, wholly helpless in the matter to do anything except to affirm the judgment of the trial court, because, in the absence of legal evidence to the contrary, we must presume that that court acted regularly and in the lawful exercise of its jurisdiction.

Judgment affirmed.

Finlayson, P. J., and Sloane, J., concurred.